# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3741 | **DATE** | 8/22/2001 |
| **CASE TITLE** | Duk Kyu Kim vs. Yong K. Lim | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. With both defendants' Rule 12(b)(6) motions thus being denied in their entirety, they must answer Kim's Complaint on or before August 31, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | AUG 22 2001 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 8/22/2001 | |
| | Copy to judge/magistrate judge. | 01 AUG 22 PM 9:15 | date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUK KYU KIM, )
 )
 Plaintiff, )
 )
v. ) No. 01 C 3741
 )
YONG K. LIM, etc., et al., )
 )
 Defendants. )

MEMORANDUM OPINION AND ORDER

Yong K. Lim ("Yong") and his son Arnold Lim ("Arnold") have tendered a motion and supporting memorandum ("Mem."), seeking to dismiss the Complaint brought against them by Duk Kyu Kim ("Kim"). Although their counsel have failed to comply with the requirement of this District Court's LR 5.3(b) that "[e]very motion shall be accompanied by a notice of presentment specifying a date and time on which...the motion is to be presented,"[1] this Court's examination of the motion and memorandum obviates the need to do so: Because the motion and memorandum carry the seeds of their own destruction, the motion is denied at the outset.

As for Kim's claims against Yong, the latter's counsel

---

[1] This Court has often been bemused by the correlation that seems to exist between counsel's noncompliance with procedural requirements or their poor scholarship on noncritical issues (or both) and their correspondingly unpersuasive analysis on outcome-determinative issues. In this instance, in addition to the matter just mentioned in the text, Mem. 3's threshold discussion of the operative standards for Fed. R. Civ. P. ("Rule") 12(b)(6) motions cites to old (and now discredited) authorities that treat "legal conclusions" as allegations to be ignored for such purposes--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

engages in a fatally flawed statute of frauds analysis, disregarding more than one firmly established exception to the requirement that specified types of contracts must be in written form. Only a few moments' thought is needed to recognize the unsoundness of Yong's positions.

Thus it is truly absurd for Yong's counsel to assert a statute of frauds defense where the Complaint alleges <u>full</u> performance of the alleged oral contract: on the one side by Kim's payment of the entire $120,000 purchase price for the assets of the Shoe Avenue shoe business, and on the other side by Yong's delivery of those purchased assets to Kim. And as for the purportedly defective nature of an alleged unwritten contract that has a duration of more than a year, Yong's position wholly ignores the fundamental proposition that what is meant is only that the contract <u>cannot</u> be performed within one year. That defect plainly does not exist in this instance:

1. Complaint ¶7 alleges that the parties' agreement "allowed Kim to pay the [$120,000] purchase price in installments over time." Even though "over time" is admittedly imprecise, it certainly allows for the reasonable prospect that the time period involved could be less than a year--and it must be remembered that a plaintiff facing a Rule 12(b)(6) motion is entitled not only to have the complaint's allegations credited but to obtain the benefit

2

of all reasonable inferences from those allegations.

2. There is no need to speculate on that score, however, for Complaint ¶¶9-11 recite that the whole $120,000 was *in fact* paid within a year.

That being the case, the portion of Yong's contentions that is based on that aspect of the parties' transaction (Mem. 8) cannot be asserted in the objective good faith that is demanded of every lawyer under Rule 11(b).

To be sure, Yong's counsel goes beyond that unsustainable argument by asserting (1) that the sale of the business assets was inextricably linked to a sublease of the premises where the shoe business was carried on and (2) that the oral sublease could not be performed in less than a year. But that argument that the purchase of assets and the subletting of the business premises were "part of the same transaction" (Mem. 9) carries its own death warrant--it ignores entirely the just as firmly established doctrine that *part* performance of the type that Kim has alleged also takes an oral agreement out of the statute of frauds.

In sum, no court is going to permit a party charged with the conduct ascribed to Yong to put forth a statute of frauds defense that, if accepted, would insulate a blatant fraud on his own part.² When the allegations of the Complaint are taken as true,

---

² Look at the irony involved: As its name indicates, the statute of frauds reflects a policy to discourage fraud by those who would attempt to fabricate contractual relationships through

3

as they must be for Rule 12(b)(6) purposes, they reflect a scenario in which Kim bought the business for a healthy purchase price, then operated it for four years, at which point Yong came to Kim to offer the possibility of his repurchasing Shoe Avenue from Kim (Complaint ¶15). Then when those discussions broke down, Yong and Arnold seized the premises by force, and they have excluded Kim from the premises ever since (Complaint ¶¶19-27).

All of this is strongly reminiscent of one of Ogden Nash's poems, written during the middle 1930s as an ironic commentary on the Japanese invasion of Manchuria. Titled (if this Court's recollection is accurate) "The Japanese in the Garden," the poem began with a Japanese man commenting on the attractiveness of a garden and asking whether he could come in to smell the flowers. It ended with this statement by the Japanese man:

> So sorry. This my garden now.

What has been said to this point also undercuts Yong's other contentions, in which he attacks Kim's demand for an accounting and for remedies based on conversion and constructive trust theories.[3] And as for pooh-poohing Kim's claim of fraud, Yong's counsel is unduly insensitive to the outrageousness of the

---

unsupported testimony about claimed oral agreements. Here, if Kim's allegations are true, Yong seeks to invoke the doctrine to enable himself to keep the benefits of his own unconscionable conduct.

[3] This opinion will not pause on those claims--each is viable despite Yong's urgings to the contrary.

4

conduct ascribed to his client. In sum, Yong's Rule 12(b)(6) motion is denied in its entirety.

As for Arnold, it is quite true that the Count VII battery charge against him may not involve the requisite over-$75,000 amount in controversy (though that remains for a jury to decide). But the current motion to dismiss that claim fails to take account of the supplemental jurisdiction provisions of 28 U.S.C. §1367. Here the conduct ascribed to Arnold is directly linked to the unlawful self-help that Kim charges against his father Yong. With Yong and Arnold having opted to bring this action from its original situs in the Circuit Court of Cook County (where there would have been no arguable problem with the joinder of Kim's claims against the two defendants) to this District Court via removal, defendants will not be heard to force Kim to litigate the integrally related claims in two courts. Arnold's motion is also denied.

With both defendants' Rule 12(b)(6) motions thus being denied in their entirety, they must answer Kim's Complaint--and it is about time, for this lawsuit is some five months old without having been brought to issue. Defendants are ordered to answer on or before August 31, 2001.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 21, 2001