Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3741 | **DATE** | 9/4/2001 |
| **CASE TITLE** | Duk Kyu Kim vs. Yong K. Lim | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order.  Counterclaim III is stricken without prejudice to its proper assertion in the near future.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 0 4 2001 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 9/4/2001 | |
| SN | | courtroom deputy's initials  01 SEP -4 PM 3: 18 | date mailed notice | |
| | | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUK KYU KIM,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No.  01 C 3741
                                      )
YONG K. LIM, etc., et al.,            )
                                      )
            Defendants.               )

DOCKETED
SEP 0 4 2001

MEMORANDUM OPINION AND ORDER

After this Court's August 21 memorandum opinion and order
("Opinion") had swiftly dispatched the ill-advised motion by Yong
K. Lim ("Yong") and his son Arnold Lim ("Arnold") to dismiss the
Complaint brought against them by Duk Kyu Kim ("Kim"), counsel
for Yong and Arnold have filed their Answer and Counterclaims
within the time frame directed by the Opinion.  But that
responsive pleading is also flawed in part, necessitating the
issuance of this sua sponte memorandum order.

To begin with, even though the Opinion's n.1 expressly drew
counsel's attention to the Appendix in State Farm Mut. Auto. Ins.
Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001) in connection
with a fundamental error in the then-pending motion to dismiss,
it appears that counsel has not troubled to read that Appendix.
Despite the unambiguous language of the second sentence of Fed.
R. Civ. P. ("Rule") 8(b), several paragraphs of the responsive
pleading--Answer ¶¶8 and 13, Count III Answer ¶32 and Count V
Answer ¶31--impermissibly depart from that plain teaching (see

App. ¶1 to <u>State Farm</u>). Those paragraphs of the Answer are accordingly stricken.

Next, Count V Answer ¶¶27 through 30 address the corresponding allegations of the Complaint by stating:

Defendant Yong denies these compound allegations.
To avoid any possibility of confusion of the type generated by what at common law is termed a negative pregnant, this Court here states its understanding that what is intended by those responses is to deny <u>each</u> allegation contained in those Complaint paragraphs (so that no potential ambiguity can stem from the use of the word "compound"). If that is indeed defense counsel's intention, there will be no need to amend the Answer--but if any other meaning is intended, the matter must be clarified by an amendment.

Finally, Yong and Arnold have advanced, as part of their Counterclaims, a Count II sounding in breach of contract and a Count III purporting to sound in fraud. Those counts appear on their face to be partially or totally problematic:

1. As for Count II, it asserts as part of Yong's claimed damages "litigation fees and costs." In that respect, Yong's counsel are expected to address, at an early appropriate point during this litigation, the question whether that prayer is at odds with the so-called "American Rule" that requires litigants (even prevailing litigants) to

bear their own legal expenses.

2. Counterclaim Count III plainly does not conform to the particularity requirements of Rule 9(b), in addition to which it appears to face difficulties under the Illinois doctrine defining actionable promissory fraud. Whether or not the latter is true, the former certainly is, and Count III is accordingly stricken (but without prejudice to its proper assertion in the near future).

Milton I. Shadur
Senior United States District Judge

Date: September 4, 2001